UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
                                                :
CARLOS ORTIZ GAITAN,                            :
                                                :        17cv5690
                        Petitioner,             :
                                                :        MEMORANDUM & ORDER
        -against-                               :
                                                :
THOMAS DECKER, *et al.*,                        :
                                                :
                        Respondents.            :
                                                :
-------------------------------------------------------

WILLIAM H. PAULEY III, District Judge:

    Petitioner Carlos Ortiz Gaitan ("Ortiz") brings this habeas petition under 28 U.S.C. § 2241, the All Writs Act, 28 U.S.C. § 1651, and Article I, Section 9 of the United States Constitution, alleging that his continued detention by Immigration and Customs Enforcement ("ICE") violates his constitutional rights. In August 2017, this Court referred this matter to Magistrate Judge Katharine H. Parker for a Report and Recommendation (the "Report"). In December 2017, after briefing and oral argument, Magistrate Judge Parker issued the Report, recommending denial of Ortiz's petition. Report and Recommendation ("Report"), 2017 WL 6459610 (S.D.N.Y. Dec. 15, 2017). Ortiz filed objections. (Petitioner's Objections to the Report and Recommendation of the Magistrate Judge, ECF No. 24.) For the reasons that follow, and after a <u>de novo</u> review of the record, this Court adopts Magistrate Judge Parker's recommendation that Ortiz's habeas petition be denied.

## BACKGROUND

    Ortiz is a Guatemalan citizen. (Verified Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1 ¶ 1.) He illegally entered the United States more than 30 years ago. (Return to Habeas Petition, ECF No. 15 ("Gov't Return"), Ex. 1 ("Notice to Appear") at 3;

Gov't Return, Ex. 2 ("RAP Sheet") at *1.) In 2007, the United States adjusted his status to Lawful Permanent Resident. (Notice to Appear at 3.) Between 1987 and 2015, Ortiz was arrested seven times and charged with crimes ranging from driving under the influence, criminal possession of stolen property, petit larceny, menacing, and criminal contempt. (RAP Sheet at *3–4, *7–13.) In May 2015, Ortiz pled guilty to criminal possession of a controlled substance, a removable offense. (Notice to Appear at 3; RAP Sheet at *4–5.) On November 7, 2016, ICE agents detained Ortiz and commenced removal proceedings. (Notice to Appear.) Since then, Ortiz has been detained at the Hudson County Jail in New Jersey. (Pet. ¶ 1.)

On May 2, 2017, an immigration judge (the "IJ") conducted a bond hearing for Ortiz. At that hearing, the Government argued for detention pending removal based on Ortiz's extensive criminal history and limited time since his drug rehabilitation. (Gov't Return, Ex. 10 ("May Hr'g Tr.") 4:11–6:24.) Ortiz's counsel sought bond based on Ortiz's family ties, recent rehabilitation, and consistent employment over twenty years. (May Hr'g Tr. at 6:1–8–9.) The IJ determined that Ortiz's criminal record and substance abuse warranted continued detention. (May Hr'g Tr. at 8:24–9:3; Ex. 14 ("First Bond Memo.") at 3.) Ortiz appealed to the Board of Immigration Appeals ("BIA"). (Gov't Return, Ex. 15.)

On June 19, 2017, the IJ issued an order of removal. (Gov't Return, Ex. 4.) Ortiz also appealed that order to the BIA. (Gov't Return, Ex. 8.) Both appeals remain pending.

On June 28, 2017, Ortiz moved for reconsideration of the IJ's bond determination. (Gov't Return, Ex. 5 ("Mot. to Withdraw"); Gov't Return, Ex. 18 ("Mot. for Reconsideration").) He argued that the Appellate Division's recent grant of leave to appeal his narcotics conviction rendered that conviction no longer final and constituted changed circumstances. (Mot. to

2

Withdraw at 2.) At hearings on July 18 and July 26, 2017 (the "July hearings"),[1] the IJ determined that Ortiz presented no changed circumstances because his conviction remained final. (Gov't Return, Ex. 20 ("July 26 Hr'g Tr.") 6:12–22.) The IJ also held that under 8 U.S.C. § 1226(c)—the statute authorizing Ortiz's detention—Ortiz was ineligible for a second bond hearing.[2] (Gov't Return, Ex. 21 ("Second Bond Memo.") at 4.) Ortiz also appealed this decision to the BIA. (Gov't Return, Ex. 22.) This appeal also remains pending.

Although Ortiz's three appeals remain pending before the BIA, he filed this habeas petition, asserting that: (1) the IJ failed to hold the Government to its burden of proof at the bond hearings and wrongly denied Ortiz bond; and (2) Ortiz should be exempted from exhausting his BIA appeals.

## DISCUSSION

A. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A court reviews de novo those parts of the Report to which objections are made and reviews the remainder for clear error on the face of the record. 28 U.S.C. § 6363(b)(1); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

B. The Report

With respect to the May hearing, the Report determined that the IJ's denial of bond was discretionary. "The Attorney General, the BIA, and many courts have generally

---

[1] After commencing the July 18 hearing, the IJ agreed to postpone it to July 26 because an ICE attorney did not have one of Ortiz's motions. (Gov't Return, Ex. 7 ("July 18 Hr'g Tr.") 4:2–10; 5:18–22.)

[2] The Report muses that this holding may raise constitutional concerns. This Court declines to adopt that portion of the Report. The BIA will be able to determine if the IJ's holding was correct.

3

characterized bond decisions in immigration proceedings . . . as 'discretionary' in nature." Hassan v. Holder, 11-cv-7157, ECF No. 17, at *9 (S.D.N.Y. Jan. 2, 2014), Report and Recommendation adopted by 2014 WL 1492479 (S.D.N.Y. Apr. 15, 2014).

The Report found no evidence that the IJ failed to apply the proper standard in exercising this discretion. Report, 2017 WL 6459610, at *3–4. The IJ was entitled to rely on Ortiz's RAP sheet as evidence of past crimes, and nothing demonstrated that he failed to consider the additional evidence presented by Ortiz's counsel. Report, 2017 WL 6459610, at *4; see also Lantigua v. Decker, 2017 WL 5054567, at *3–4 (S.D.N.Y. Oct. 27, 2017) (IJs may assess "the totality of a detainee's prior criminal history" and act within their discretion to "weigh [a p]etitioner's prior convictions more heavily than his positive qualities.").

With respect to the July 26 hearing, the Report found that Ortiz must exhaust his BIA appeal relating to his changed circumstances argument before filing a habeas petition. See Report, 2017 WL 6459610, at *5 ("The BIA can cure the apparent error regarding the IJ's interpretation of 8 C.F.R. § 1003.19(e) when it decides Mr. Ortiz's appeal."). Because the BIA may grant Ortiz the relief he seeks, that process should unfold before this Court considers the merits of any habeas petition. Report, 2017 WL 6459610, at *8–9. Finally, the Report concluded that Ortiz failed to demonstrate sufficient reason to exclude him from exhausting his appeal. Report, 2017 WL 6459610, at *18–19.

C. Ortiz's Objections

   I. The May Hearing

Ortiz objects to the Report's findings that the IJ held the Government to the proper burden of proof and that the denial of bond was discretionary. Ortiz argues that the IJ improperly relied on his RAP sheet without considering evidence proffered by his attorney.

Under Lora v. Shanahan, 804 F.3d 601 (2d Cir. 2015), an immigration detainee must be granted bail "unless the government establishes by clear and convincing evidence that the immigrant poses a risk of flight or danger to the community." Lora, 804 F.3d at 616. The IJ explained at the start of the May hearing that he was operating under the Lora standard. (See May Hr'g Tr. at 3:4 ("I believe Lora applies.").) He gave Ortiz's counsel time to thoroughly explain any factors supporting Ortiz's release. (May Hr'g Tr. at 4:11–8:23.) However, the Government presented evidence showing that Ortiz's criminal record spanned nearly 30 years, and that a short amount of time had passed since Ortiz's rehabilitation. (May Hr'g Tr. at 4:11–5:24.)

At the end of the hearing and in a written memorandum, the IJ explained why the Government satisfied its burden under Lora. (See May Hr'g Tr. at 8:24–9:3; First Bond Memo. at 2–3.) He acknowledged that the Government's burden is one of "clear and convincing evidence" and fully summarized the evidence presented by Ortiz's counsel. (First Bond Memo. at 3 (describing Ortiz's family ties and recent rehabilitation).) Nevertheless, the IJ concluded that "there ha[d] not been a sufficient amount of elapsed time for the Court to believe that [Ortiz] no longer poses a danger," and that in light of Ortiz's "extensive criminal record" and recent conviction, "DHS met its burden and has established by clear and convicting evidence that [Ortiz] is a danger to the community and a flight risk." (First Bond Memo. at 3 (citing Lora).) Nothing in the record suggests that the IJ failed to apply the Lora standard.

In applying Lora, the IJ was well within his discretion to review Ortiz's RAP sheet and find that it outweighed other evidence. Ortiz does not allege that the crimes listed in his RAP sheet are inaccurate—only that the IJ weighed them too heavily. But weighing the evidence in this type of hearing is a discretionary call. 8 U.S.C. § 1226(e); see Guyadin v.

5

Gonzales, 449 F.3d 465, 468–69 (2d Cir. 2006) ("An assertion than an IJ or the BIA misread, misunderstood, or misapplied the law in weighing factors relevant to the grant or denial of discretionary relief does not convert what is essentially an argument that the IJ and BIA abused their discretion into a legal question.").

Moreover in applying their discretion, immigration judges may consider "[a]ny . . . evidence that reasonably indicates the existence of a criminal conviction." 8 C.F.R. § 1003.41(d); see also Vargas v. Davies, 2016 WL 3044850, at *4 (S.D.N.Y. May 27, 2016) (IJs may assess "the totality of a detainee's prior criminal history, including arrests and unarraigned charges, in determining danger to the community."). The IJ was therefore entitled to consider Ortiz's RAP sheet and decide what weight to give it.

II. The July Hearings

Ortiz also objects to the Report's determination that Ortiz must exhaust his BIA appeal regarding the finality of his conviction.

At the July 26 hearing, the IJ determined that Ortiz's appeal did not alter the finality of his conviction. (July 26 Hr'g Tr. at 6:15–22.) The IJ also concluded that he lacked jurisdiction under § 1226(c) to conduct a second bond hearing. (Second Bond Memo., at 2–4.) This Court declines to consider whether these holdings were correct while Ortiz's administrative appeal on those determinations are pending. While not statutorily required, district courts generally require exhaustion of administrative appeals. See Howell v. I.N.S., 72 F.3d 288, 291 (2d Cir. 1995). Courts may excuse the need for administrative exhaustion when "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; [or] (4) in certain

instances [in which] a plaintiff has raised a substantial constitutional question." Howell, 72 F.3d at 291.

Ortiz fails to show why he should be exempted. The issues raised in his petition may be resolved at the administrative level. See United States v. Gonzalez-Roque, 301 F.3d 39, 46–47 (2d Cir. 2002) (the BIA can address procedural defects); accord Rashtabad v. I.N.S., 23 F.3d 1562, 1567 (9th Cir. 1994) ("[A]llegations of due process violations are exactly the sorts of procedural errors which require exhaustion."). The BIA will determine whether Ortiz's leave to appeal constitutes changed circumstances, thereby warranting a new bond hearing. Ortiz therefore cannot show that his appeal is futile.

And Ortiz's detention, even if prolonged, does not amount to irreparable injury. See, e.g., Michalski v. Decker, -- F. Supp. 3d --, 2018 WL 317783, at *5 (S.D.N.Y. Jan. 4, 2018) ("[Petitioner's] claim that prolonged detention constitutes an irreparable injury that may excuse exhaustion has been rejected by courts in this District."); Paz Nativi v. Shanahan, 2017 WL 281751, at *1 (S.D.N.Y. Jan. 23, 2017). Nor can Ortiz evade administrative exhaustion by arguing that his detention is unconstitutional. Although the BIA does not decide constitutional claims, it may moot them by addressing procedural defects. See Valbrun v. Hogan, 439 F.3d 136, 137 (2d Cir. 2006) (petitioner "cannot evade BIA review merely by labeling his claim a due process claim") (internal citation and alteration omitted); Gonzalez-Roque, 301 F.3d at 48 ("Due process is not a talismanic term which guarantees review in this court of procedural errors correctable by the administrative tribunal.") (internal citation and quotation marks omitted). Again, this Court declines to endorse the Report's discussion about potential constitutional concerns in the proceedings before the IJ.

7

In a final paragraph, Ortiz requests that this case be stayed. Because the BIA's determination may moot this habeas petition, this Court denies that application. See Paz Nativi, 2017 WL 281751, at *2 (dismissing habeas petition because BIA reversal could moot it); Herrera v. Mechkowski, 2016 WL 595999, at *1 (S.D.N.Y. Feb. 11, 2016) (same). Since Ortiz's petition is dismissed without prejudice, he may file a second habeas petition if he disagrees with the BIA's determination at the conclusion of the administrative process.

## CONCLUSION

For the foregoing reasons, this Court adopts the Report's conclusions, denies Ortiz's objections, and dismisses the petition without prejudice.

Because Ortiz has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. See 28 U.S.C. § 2253(c). This Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum & Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of Court is directed to terminate all pending motions and mark this case as closed.

Dated: February 7, 2018
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.